**FILED**

**DECEMBER 7, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**07 C 6920**

| | |
|---|---|
| **ASCENSION PELAYO**, on behalf of himself and all other employees similarly situated, known and unknown, | Civil Action |
| Plaintiffs, | |
| v. | No. |
| **GABRIEL HOSTALET**, individually, **KGI CORP**, an Illinois corporation, and **KGI LANDSCAPING CO**., an Illinois corporation, | **JUDGE ZAGEL**<br>**MAGISTRATE JUDGE COLE** |
| Defendants. | JURY DEMAND |

### <u>COMPLAINT</u>

NOW COMES the plaintiff, **ASCENSION PELAYO**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, complaining of the defendants, **GABRIEL HOSTALET**, **KGI CORP**, and **KGI LANDSCAPING CO.**, and pleading hypothetically and in the alternative alleges as follows:

**I.    <u>INTRODUCTION</u>**

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., as a result of the defendants' failure to pay minimum wages and overtime compensation to the plaintiff, and other similarly situated employees. The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants refused to pay the plaintiff time-and-a-half overtime compensation.

2.    In Counts II and III, the plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., the Illinois Wage

Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*., and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*.  The rights and remedies set forth in these statutes are similar and analogous to those that Congress set forth in the FLSA.

## II.      THE PARTIES

3.      The plaintiff is an individual domiciled in the state of Illinois, and resides within this judicial district.

4.      Upon information and belief, the defendant, **GABRIEL HOSTALET,** is an individual domiciled in the state of Illinois, and resides within this judicial district.

5.      The defendant, **KGI CORP**, is an Illinois corporation.

6.      The defendant, **KGI LANDSCAPING CO.**, is an Illinois corporation.

## III.      JURISDICTION AND VENUE

7.      Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and by 28 U.S.C. §§ 1331 and 1337.

8.      Jurisdiction over the plaintiff's supplemental claims is conferred on this Court by 28 U.S.C. § 1367(a).

9.      Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions that gave rise to the plaintiff's claims occurred within this Court's geographic jurisdiction.   Further, venue is proper because the defendant corporations, **KGI CORP**, and  **KGI LANDSCAPING CO.**, both have their registered office at 8864 E. Prairie Road, Skokie, IL 60076, within this judicial district.

## IV.    STATUTORY CONSENT

10.    In accord with Section 16(b) of the FLSA, the **ASCENSION PELAYO** has given written consent to be joined as a party plaintiff in this action.  29 U.S.C. § 216(b).   Such written consent is attached hereto as **Exhibit A**, and the same is incorporated herein by reference.

## V.    GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11.    At all times relevant to this complaint, the defendants operated a business within Cook County, and therefore within this Court's geographic jurisdiction, which business lists its purpose to be "construction – special trade contractors – plumbing, heating, electrical, masonry, carpentry, roofing, landscaping, etc."

12.    At all times relevant to this complaint, the defendants' business engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

13.    At all times relevant to this action, each and all of the defendants including the individual defendant, **GABRIEL HOSTALET**, were acting directly or indirectly in the interest of the employer in relation to the employee plaintiffs represented herein and, therefore, were and are "employers" within the meaning of Section 3(a) and (d) of the FLSA, 29 U.S.C. §§ 203(a) and 203(d), and as such are jointly and severally liable for the unpaid wages and other relief sought herein.

14.    The defendants employed the plaintiff as a laborer from about March, 2004, to about April, 2007, and may have employed him during other periods.

15.    The defendants employed the plaintiff as a laborer, and as such the plaintiff was not exempt from the FLSA's overtime and minimum wage provisions.

16.     During the course of his employment by the defendants, the plaintiff handled goods that moved in interstate commerce including chemical fertilizers, pesticides, and construction supplies.

17.     At all times herein relevant, plaintiff and members of the plaintiff class were "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

18.     During the period or periods herein relevant, the defendants (or an enterprise owned and/or controlled by the defendants, and each of them, singly or in or in one or more combinations) routinely and as a matter of practice and policy required the plaintiff and other similarly situated employees to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

### COUNT I
### (Violation of the FLSA)

19.     The plaintiff hereby re-alleges the foregoing allegations.

20.     The defendants violated the FLSA by failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed.

21.     The defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE the plaintiff, **ASCENSION PELAYO**, on behalf of himself and all other employees similarly situated, known and unknown, prays for judgment in his favor and against the defendants, **GABRIEL HOSTALET**, **KGI CORP**, and **KGI LANDSCAPING CO.**, and each of them, and for the following relief:

A.    damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B.    statutory liquidated damages as allowed by the FLSA;

C.    pre-judgment interest on all amounts awarded;

D.    reasonable attorneys' fees, together with costs of suit and collection; and

E.    such further relief as may be fair and just in the premises.

### COUNT II
### (Violation of the IMWL)

22.    The plaintiff hereby re-alleges the foregoing allegations.

23.    The defendants violated the IMWL by failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed.

24.    The defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

WHEREFORE the plaintiff, **ASCENSION PELAYO**, prays for judgment in his favor and against the defendants, **GABRIEL HOSTALET**, **KGI CORP**, and **KGI LANDSCAPING CO.**, and each of them, and for the following relief:

A.    damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B.    statutory punitive damages as allowed by the IMWL;

C.    pre-judgment interest on all amounts awarded;

D.    reasonable attorneys' fees, together with costs of suit and collection; and

E.    such further relief as may be fair and just in the premises.

## COUNT III
### (Violation of the IWPCA / AFWAA Claim)

25.    The plaintiff hereby re-alleges the foregoing allegations.

26.    The defendants violated the IWPCA by:

i.    failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

ii.    failing to pay the plaintiff certain wages either weekly or biweekly; and/or

iii.    failing to pay the plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

27.    The plaintiff demanded payment of the wages due and owing to him at least 3 days before this complaint was filed.

28.    The plaintiff is entitled to recover attorneys' fees under the AFWAA by virtue of said demand, among other reasons.

WHEREFORE the plaintiff, **ASCENSION PELAYO**, prays for judgment in his favor and against the defendants, **GABRIEL HOSTALET**, **KGI CORP**, and **KGI LANDSCAPING CO.**, and each of them, and for the following relief:

A.    an order commanding the defendants to pay the plaintiff any and all wages the defendants owe the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the rate agreed upon by the parties (in no case less than the IMWL's minimum rate);

B.    an order commanding the defendants to pay the plaintiff any and all overtime compensation the defendants owe the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

C.    pre-judgment interest on all amounts awarded;

D.    reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E.    such further relief as may be fair and just in the premises.

## JURY DEMAND

NOW COMES the plaintiff, **ASCENSION PELAYO**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, and hereby demands trial by jury of all issues set forth herein.

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

Respectfully submitted,

/s/Paul Luka
PAUL LUKA ARDC # 6288860

# Exhibit
# A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against KGI LANDSCAPING COMPANY, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.


Ascension Pelayo